**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

HERBERT LEDFORD,

      Petitioner,

    v.

WARDEN PINERO,

      Respondent.

CIVIL ACTION NO.: 4:25-cv-140

**O R D E R**

Before the Court is the Magistrate Judge's December 16, 2025, Report and Recommendation, (doc. 7), to which objections have been filed, (doc. 9). After a careful de novo review, the Court agrees with the Magistrate Judge's recommendations. The Report and Recommendation is, therefore, **ADOPTED**. (Doc. 7.) Although the Court agrees with the Magistrate Judge that Ledford has failed to remit the required filing fee, as previously directed, for completeness, the Court addresses several other issues that are raised by Ledford's Objection.

Ledford's Objection concedes that he has sufficient funds to pay the required filing fee, but objects to dismissal of his Petition because he has been unable to induce prison authorities to remit the funds to the Court. (See generally doc. 9.) The Court might construe his filing as a request for additional time to resolve the issues with the payment of the filing fee or, as he suggests, proceed notwithstanding his failure to pay. See, e.g., White v. Lemma, 947 F.3d 1373, 1378-79 (11th Cir. 2020) (failure to pay the required filing fee is not a jurisdictional defect). However, there are several reasons, procedural, formal, and substantive, why additional time to remit the filing fee would not alter the disposition of the Petition. The procedural and formal are most

easily identified.   First, Ledford's Objection is untimely.   (Doc. 9); see also 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).   Again, given Ledford's references to logistical obstacles in his litigation created by his apparent administrative segregation, the Court might excuse his lateness.   Second, even if the Court excused the lateness of his Objection and his failure to remit the filing fee timely, his Petition remains unsigned.   (See docs. 1 & 4.)   The Rules Governing Section 2254 Cases are explicit that petitions must "be signed under penalty of perjury . . . ."   Rule 2(c)(5), Rules Governing Section 2254 Cases (emphasis added).   Even if the Court accommodated Ledford's untimeliness and filing fee deficiency, the unsigned Petition would remain defective, albeit perhaps not fatally.   See, e.g., Cox v. McBride, 279 F.3d 492, 493 (7th Cir. 2002) (Posner, J.); see also Clark v. Broomfield, 83 F.4th 1141, 1148 (9th Cir. 2023) ("A failure to sign and verify the petition is a defect that the district court may, if it sees fit, disregard . . . ." (internal quotation marks, alterations, and citation omitted)).

It is, however, the apparent substantive defects that dispose the Court not to provide any further accommodation of the procedural and formal issues with Ledford's Petition.   Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations.   28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).   That clock is stopped only by the pendency of a properly filed state collateral review proceeding.   28 U.S.C. § 2244(d)(2); Rich v. Sec'y for Dep't of Corr., 512 F. App'x 981, 982-83 (11th Cir. 2013); Nesbitt v. Danforth, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").   Ledford's Petition, somewhat ambiguously, states that

judgment was entered against him on August 18, 2017, but that he was sentenced on January 29, 2020. (Doc. 1, p. 1.) The Petition also alleges that, while he may have attempted to seek, he never received any further review of his conviction or sentence in any state court. (Id., pp. 1—5.) Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Under Georgia law, Ledford had thirty days "after the entry of the appealable decision or judgment," to appeal his conviction. *See, e.g.,* O.C.G.A. 5-6-38. Based on the Petition's allegations, therefore, it appears that Ledford's conviction became final no later than February 28, 2020. Any petition filed in 2025,[1] therefore, would be years out of time. Although the statute of limitations may, in exceptional circumstances, be equitably tolled, see, e.g., Holland v. Florida, 560 U.S. 631, 649 (2010), Ledford's lack of legal knowledge and vague reference to mental health issues, (doc. 1, p. 13), would not support equitable tolling, see, e.g., Lambert v. Sec'y, Dept. of Corrs., No. 5:16-cv-00579-02PRL, 2019 WL 1490401, at *5 (M.D. Fla. Apr. 4, 2019) ("None of the cited grounds—his pro se status and lack of law clerk help, his ignorance of the law generally and the one-year statue of limitations specifically, his lack of formal education, and his mental health issues—qualify [for equitable tolling]."). Thus, any further proceedings to afford Ledford an opportunity to address the multiple procedural and formal defects discussed above, appear futile.

Ledford's Objection is, therefore, **OVERRULED**. (Doc. 9.) The Report and Recommendation is **ADOPTED**. (Doc. 7.) Ledford's Petition is **DISMISSED** for his failure to pay the required filing fee. (Doc. 1.) Applying the Certificate of Appealability (COA) standards,

---

[1] Ledford's Petition is also undated. (See generally doc. 1.) Given that it was received by the Clerk in June 2025, the Court assumes it was filed sometime in that year. Given that the one-year clock expired years earlier, the precise filing date would not matter.

which are set forth in <u>Brown v. United States</u>, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); <u>see</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 6th day of February, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA